[Civ. No. 17701.  First Dist., Div. Two.  Mar. 17, 1958.]

JOHN VICK, Appellant, v. S. H. PATTERSON et al., Respondents.

Thomas B. Gallen for Appellant.

Dinkelspiel & Dinkelspiel and Harold A. Block for Respondents.

DRAPER, J.—In 1954 plaintiff, a San Francisco fireman, was employed by defendants as an announcer of Pacific Coast League baseball games televised from Oakland and San Francisco. This work was part-time only. Plaintiff was required to work only during each game and for a short time before it.

No Saturday or Sunday games were televised. After he had worked for two weeks at an agreed salary which was paid, he and defendants entered into an oral contract for his services for the remainder of the season. Plaintiff performed the agreed duties through August 27, when television of the Oakland games ceased. He then requested payment of the reasonable value of his services which, in his view, defendants had agreed to pay. Defendants maintained that he had agreed to work for nothing. This action followed, and jury verdict was in favor of plaintiff for $1,200.

Throughout the period he worked for defendants, plaintiff continued in the employ of the San Francisco Fire Department. At trial, defendants sought to introduce rule 447 of that department, providing: "Members shall devote their time and attention to the best interests of the Department. They shall at no time engage in any activities that may interfere with the efficiency of the fire service, nor shall they actively participate in any other gainful occupation." Objection to this offer was sustained. Upon entry of judgment on the verdict, defendants moved for judgment notwithstanding the verdict and, in the alternative, for new trial. The motion for judgment notwithstanding the verdict was denied, but that for new trial was granted, upon the sole ground of error in sustaining objection to the offer of rule 447. Plaintiff appeals from the order granting new trial. Defendants assert error in the denial of judgment notwithstanding verdict, as they are permitted to do (Code Civ. Proc., § 629; *Estate of Green*, 25 Cal.2d 535, 545 [154 P.2d 692]).

Thus the sole question on this appeal is the relevancy of rule 447 of the fire department.

Defendants first contend that the rule and the fact of its violation by plaintiff were admisisble because they go to the issue of his credibility. They argue that if he in fact contracted for compensation for his television work "he was a disloyal employee" of the fire department, and thus not to be believed. If sound, this argument would permit examination into loyalties to private employers, friends, family and an infinite number of relationships not relevant to the issue of credibility. At most, the disputed rule would show specific wrongdoing, which is not a proper basis for attack upon credibility (*Sales* v. *Bacigalupi*, 47 Cal.App.2d 82, 87 [117 P.2d 399]).

The more difficult question is whether this contract

is illegal and thus unenforceable because it is in violation of the department rule. This issue is but scantily briefed.

■ It is elementary that a contract whose object is unlawful is void (12 Cal.Jur.2d 269). That is unlawful which is (1) contrary to an express provision of law, (2) contrary to the policy of express law, although not expressly prohibited, or (3) otherwise contrary to good morals (Civ. Code, § 1667).

The contract in this case can be held unlawful only under the first or second subdivision of the code section. There is nothing in the relationship of the parties in this case to indicate improper use of public authority to overreach another, as in the case (*Grimes* v. *Allen*, 93 Cal.App.2d 653 [209 P.2d 651]) cited by both parties. Nor is the contract one inherently involving moral turpitude, as in the familiar cases holding unenforceable contracts which promote prostitution or gambling.

Rather, if this contract is unlawful, it must be because it is in violation of the text or the policy of an express provision of law. ■ The rule is settled that the courts will not enforce a contract to perform an act prohibited by statute (*Duntley* v. *Kagarise*, 10 Cal.App.2d 394 [52 P.2d 560]), or by ordinance (*Dunn* v. *Stegemann*, 10 Cal.App. 38 [101 P. 25]). We find no authority extending this doctrine to the rules of a municipal department governing wholly intradepartmental administrative affairs. Our case, of course, does not involve rules prescribed by a regulatory body, such as the Division of Corporations or the Industrial Accident Commission, governing the conduct of the public in dealings with the regulated subject matter.

■ Even where a statute, rather than an administrative regulation, is involved, the mere prohibition does not necessarily imply a legislative intent that agreements in contravention of it are void (12 Am.Jur. 657). "The power to invalidate agreements on the ground of public policy is so far-reaching and so easily abused that it should be called into action only in cases where the dangerous tendency clearly and unequivocally appears from the contract itself. Courts are reluctant, therefore, to declare a contract void as against public policy, and will refuse to do so if by any reasonable construction it may be upheld" (*Maryland Cas. Co.* v. *Fidelity & Cas. Co.*, 71 Cal.App. 492, 497 [236 P. 210]; see also *Howard* v. *Adams*, 16 Cal.2d 253, 257 [105 P.2d 971, 130 A.L.R. 1003]).

There is little doubt that within the fire department such a rule is effective, and may be enforced by disciplinary proceedings against the employee (see cases collected in 150 A.L.R. 128). It is quite another matter to argue that the rule invalidates contracts between the employee and a third party. Counsel do not suggest the existence of any rule which would prevent appellant from attending the baseball games in question as a spectator. The fact that he was to receive compensation for his presence at the games may well have served to make his presence in the baseball park, and his consequent unavailability for emergency fire duty, more attractive to him. This, however, does not seem enough to warrant judicial declaration that his contract for such employment was void. Although the city and county of San Francisco requires that its employees be residents of San Francisco, it would hardly be contended that an employee's lease of a residence outside the city is void.

Under the particular facts of this case, we see no reason to doubt that the disciplinary powers of the fire department are ample to secure compliance with its rule against outside employment, where the department considers enforcement of the rule to be required. This rule, concerned wholly with personnel administration within the department, presents no pressing need for intervention of the courts to declare invalid a contract made by an employee with one wholly unconnected with the municipal government. Such intervention here would not protect the public because the employee's participation in the transaction has been completed; no serious moral turpitude is involved; and to sustain the defense of illegality would unjustly enrich the defendants. These elements may properly be considered by us (*Norwood* v. *Judd*, 93 Cal.App.2d 276, 289 [209 P.2d 24]).

Order denying judgment notwithstanding verdict affirmed. Order granting new trial reversed.

Kaufman, P. J., and Dooling, J., concurred.