616 F.2d 727
 Alfred C. McMANAMA, Doris D. McManama, etc., Appellees,
v.
William L. LUKHARD, etc., Appellant,
and
James D. Ritchie, etc., Defendant.
Alfred C. McMANAMA, Doris D. McManama, etc., Appellants,
v.
William L. LUKHARD, etc., et al., Appellees.
 Nos. 79-1167, 79-1168.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1980.
Decided Feb. 28, 1980.
 
 Claude M. Lauck, Richmond, Va., The Legal Aid Society of Roanoke Valley, for appellees in 79-1167 and for appellants in 79-1168.
 John A. Rupp, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Richmond, Va. and Michael F. Blair, Sp. Asst. Atty. Gen., Roanoke, Va., on brief), for appellant in 79-1167 and for appellees in 79-1168.
 Before WINTER and RUSSELL, Circuit Judges, and JONES, District Judge.*
 PER CURIAM:
 
 
 1
 Alfred C. McManama and his wife began this civil rights action under 42 U.S.C. § 1983 to challenge a state practice and policy that denied them access to medical reports in their file at the Roanoke City Department of Human Resources. They sought the reports to defeat the claim of the Roanoke City Department of Human Services that Mr. McManama was no longer disabled and that therefore he, his wife, and their two children were no longer entitled to Aid to Families with Dependent Children benefits. They were represented, both in the district court and before us, by two attorneys from the Roanoke Valley Legal Aid Society, an organization which is funded in part by the Legal Services Corporation pursuant to 42 U.S.C. § 2296 et seq. The theory of the complaint was that the requirement that medical reports could be released only to a physician (designated by the plaintiffs) conflicted with a federal regulation and was invalid under the supremacy clause, and the requirement denied plaintiffs due process by burdening their ability to participate in adversary hearings held prior to the termination of welfare benefits.
 
 
 2
 In the district court, the merits of the case were resolved favorably to plaintiffs by a court-approved consent decree. The district court then entered an order awarding them attorneys' fees pursuant to 42 U.S.C. § 1988, in the amount of $1,250. Plaintiffs and one of the defendants appealed, plaintiffs contending (1) that the district court's award of fees was so low as to constitute an abuse of discretion and, in any event, the award was inadequately explained in the accompanying memorandum, and (2) that the district court erred in ordering them to answer an interrogatory addressed to their eligibility for representation by the legal aid society. The Commissioner of the Virginia Department of Welfare who appealed contends (1) that any award of attorneys' fees was improper in the circumstances of the instant case, and (2) that the district court lacked jurisdiction to hear this case at all. We affirm the decision of the district court but reject its conclusion that the defendants' interrogatory concerning the McManamas' eligibility for representation by legal aid was proper.
 
 I.
 
 3
 We consider first the issue of jurisdiction and we hold that the district court had jurisdiction to decide this case. We think that jurisdiction existed under 28 U.S.C. § 1343(3). That section grants federal courts original jurisdiction "(t)o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens . . . ." In concluding that jurisdiction existed under § 1343(3), the district court relied principally on Blue v. Craig, 505 F.2d 830 (4 Cir. 1974), where we held that a claim that a state regulation was in conflict with federal law and hence violative of the supremacy clause presented to a constitutional issue for purposes of § 1343(3). Of course, during the pendency of this appeal, the Supreme Court repudiated that theory. See Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).[1] But plaintiffs also asserted that the challenged state policy denied them due process. We think that that constitutional claim was sufficient to support § 1343(3) jurisdiction under the standard enunciated in Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). See, e. g., Page v. Preisser, 585 F.2d 336, 337 n.2 (8 Cir. 1978). In sum, although Chapman eliminated at least one of the bases for jurisdiction under 28 U.S.C. § 1343 asserted by the plaintiffs, it plainly left one asserted, and substantial, jurisdictional base intact.
 
 II.
 
 4
 After permitting discovery, briefing and argument on the issue, the district court awarded the plaintiffs attorneys' fees in the amount of $1,250. The federal courts have discretion under 42 U.S.C. § 1988 to allow a successful plaintiff in a § 1983 action reasonable attorneys' fees. The legislative history of § 1988, as well as the Supreme Court's decision in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), indicates that such a plaintiff is ordinarily entitled to recover attorneys' fees unless special circumstances would render such an award unjust. It is also well established in this circuit and elsewhere that an allowance of attorneys' fees by a district court, which has close and intimate knowledge of the efforts expended and the value of the services rendered, must not be overturned unless it is "clearly wrong." Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4 Cir. 1978). From our review of the record and our consideration of the written and oral arguments of counsel, we conclude that both the decision to award attorneys' fees and the amount of the award were within the district court's broad discretion in this area.
 
 
 5
 Our opinion in Barber identified twelve factors to be considered in assessing reasonable attorneys' fees and required the district court to make findings of fact sufficient to enable us to review its award. The district court in the instant case considered these factors in arriving at its award, and, although it did not make detailed factual findings, we think that its opinion was in substantial compliance with Barber and further findings are unnecessary.
 
 III.
 
 6
 In the course of discovery on the attorneys' fees issue, one of the defendants propounded an interrogatory as to whether plaintiffs had been referred by the legal aid society to a lawyer referral service. This interrogatory was based on 42 U.S.C. § 2996e(b)(1)(B), which prohibits local legal aid societies receiving funds from the Legal Services Corporation from accepting fee-generating cases unless appropriate private representation is unavailable. The McManamas refused to answer this interrogatory on the ground that 42 U.S.C. § 2996e(b)(1)(B) barred the district court from considering their eligibility for representation by the legal aid society. That section provides that no question of eligibility "shall be considered in, or affect the final disposition of, any proceeding" in which a person is represented by a legal aid society that receives federal funds through the Legal Services Corporation. Despite this statutory directive, the district court granted the defendant's motion to compel an answer to the disputed interrogatory.
 
 
 7
 We believe that the district court erred in ordering the plaintiffs to answer the interrogatory in question. The statutory language of § 2996e(b)(1)(B) is broad and unqualified. Moreover, the regulations promulgated under the statute creating the Legal Services Corporation establish a systematic procedure for enforcing its provisions, including those addressed to eligibility for representation by grantee legal aid societies. See generally 45 C.F.R. §§ 1618 et seq. § 1618.1 of the implementing regulations explains that the purpose of the enforcement procedures is "to insure uniform and consistent interpretation and application of the Act, and to prevent a question of whether the Act has been violated from becoming an ancillary issue in any case undertaken by a recipient . . . ." Defendant's interrogatory was certainly designed to elicit information that would enable him to argue that the legal aid society should not receive a fee because its representation of the plaintiffs was unauthorized. This is precisely the sort of question that the Legal Services Corporation Act and its implementing regulations require to be submitted to the Corporation, subject to judicial review.
 
 
 8
 The district court's error in compelling an answer to the proscribed interrogatory was, however, harmless.[2] It did not result in a finding that the McManamas were ineligible for legal-aid representation and did not affect the calculation of the fees ultimately awarded. Accordingly, the judgment of the district court is affirmed. We remand the case, however, for an assessment of additional attorneys' fees against the appealing defendant to compensate the plaintiffs for the expense of their successful defense of his appeal.
 
 
 9
 AFFIRMED AND REMANDED.
 
 
 
 *
 Honorable Shirley B. Jones, United States District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 Chapman also held that the Social Security Act is not an Act of Congress securing either "equal rights" or "civil rights" for purposes of § 1343(3) and (4), respectively
 
 
 [2]
 This conclusion might suggest that we should refrain from any view on the propriety of the interrogatory. Counsel advised us, however, in oral argument that the practice in the district from which this case originates is to propound such an interrogatory in an appropriate case as a matter of course. Thus, we think that we should notice the issue inasmuch as it is clearly present