[No. A062699. First Dist., Div. Five. Mar. 31, 1994.]

ARTHUR KOHN, Plaintiff and Respondent, v.
JAYMAR-RUBY, INCORPORATED, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication except for part II.

**COUNSEL**

Ashman & Associates, David M. Bagdade, Gary D. Ashman and Michael S. Rubin for Defendant and Appellant.

Lerner & Veit and Karen G. Gruneisen for Plaintiff and Respondent.

**OPINION**

**HANING, J.**—Defendant/appellant Jaymar-Ruby, Incorporated, appeals a judgment entered pursuant to a settlement agreement with plaintiff/respondent Arthur Kohn in respondent's action for wrongful termination. Appellant contends the trial court abused its discretion in entering judgment because the agreement was invalid and unenforceable. We affirm.

### FACTS AND PROCEDURAL HISTORY

Respondent's complaint alleged generally that his termination constituted a breach of his oral employment contract not to be terminated except for cause, and a violation of the age discrimination provisions (Gov. Code, § 12941) of the Fair Employment and Housing Act. (Gov. Code, § 12900 et seq.) On March 30, 1993, the parties appeared at a mandatory settlement conference. The court's March 30 minutes stated that the parties reached a settlement, that the trial date was vacated and that the the matter was set for a status conference on April 28 to determine if dismissals had been filed.

On May 13, 1993, respondent moved to have judgment entered according to the terms of the agreement reached at the March 30 settlement conference on the grounds that appellant had refused to comply. Appellant opposed the

motion on the grounds the parties had never reached a final and binding settlement. After a hearing before Judge Breiner, who presided over the settlement conference, respondent's motion was granted and judgment entered in his favor upon the terms of the settlement to which the parties stipulated on March 30: (1) Appellant to pay respondent $46,000 in settlement of his claims for emotional distress and personal injuries (the alleged statutory violation); (2) respondent to release appellant generally of all liability for any past, present, or future claims he may have against appellant; and (3) respondent to keep the terms of the settlement confidential. The judgment did not include a waiver of Civil Code section 1542[1] because the parties did not stipulate that the settlement was conditioned upon such a waiver by respondent.

DISCUSSION

I

At issue is whether there was sufficient evidence of a binding settlement to permit the trial court to enter judgment pursuant to Code of Civil Procedure section 664.6.[2] At the time judgment was entered, section 664.6 stated, in pertinent part: "If parties to pending litigation stipulate . . . orally before the court, for settlement of the case . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement."[3]

In ruling on a motion to enter judgment the trial court acts as a trier of fact. It must determine whether the parties entered into a valid and binding settlement. To do so it may receive oral testimony in addition to declarations. If the same judge presides over both the settlement and the section 664.6 hearing, he may avail himself of the benefit of his own recollection. (See *Richardson* v. *Richardson* (1986) 180 Cal.App.3d 91, 97 [225 Cal.Rptr. 370].) The appellate court then determines whether the trial court's ruling was supported by substantial evidence. (*Fiore* v. *Alvord* (1985) 182 Cal.App.3d 561, 565 [221 Cal.Rptr. 400].)

In the instant case the trial court's ruling is supported by substantial evidence. The minutes of the settlement conference stated that a settlement

---

[1]Civil Code section 1542 states: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

[2]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[3]Section 664.6 has since been amended, effective January 1, 1994, to add: "If parties to pending litigation stipulate . . . orally *on the record* before the court . . . ." (Stats. 1993, ch. 768, § 1, italics supplied.)

was reached. The declaration of respondent's counsel states the terms of the settlement and it incorporates the letter written to appellant, the day after the settlement conference, confirming the terms of the settlement. Appellant did not object that the terms, as recited by respondent's counsel, were inaccurate. Judge Breiner, an experienced jurist who presided over both the settlement conference and the hearing on the motion to enforce the agreement, stated at the latter that the terms of the settlement agreement recited in respondent's motion were those agreed to at the settlement conference.

Appellant contends that the several drafts of the proposed agreement, exchanged between the parties after the settlement conference, are evidence that they never reached a final settlement agreement. " 'When parties orally agree upon all the terms and conditions of an agreement with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be prepared and signed does not alter the binding validity of the oral agreement. [Citation.]' [Citation.]" (*Richardson* v. *Richardson, supra,* 180 Cal.App.3d at p. 97, citing *Pacific Grove-Asilomar Operating Corp.* v. *County of Monterey* (1974) 43 Cal.App.3d 675, 686 [117 Cal.Rptr. 874].) As outlined above, there was substantial evidence that the parties reached a binding oral agreement at the March 30 settlement conference as to the material terms of a settlement— amount of payment, scope of release, confidentiality—and that all that remained was a reduction of the agreement to writing.

■ Appellant also contends that the oral agreement reached at the settlement conference violates the statute of frauds because its confidentiality provisions preclude it from being fully performed within a year. Civil Code section 1624, subdivision (a), provides that an "agreement that by its terms is not to be performed within a year from the making thereof[]" is invalid unless it, or some note or memorandum thereof, is in writing. All of the cases cited by appellant to support the contention deal with out-of-court oral settlement agreements. Appellant has not cited, nor have we located, any cases in which an oral settlement agreement that comports with section 664.6—stipulated to before the court—was unenforceable because it contained terms ordinarily required by the statute of frauds to be in writing.

We conclude the statute of frauds is inapplicable to an oral settlement agreement stipulated to by the parties before the court following a judicially mandated and supervised settlement conference. The purpose of the statute of frauds is to prevent fraud and perjury as to extrajudicial agreements by requiring enforcement of the more reliable evidence of some writing signed by the party to be charged. (*Riley* v. *Bear Creek Planning Committee* (1976) 17 Cal.3d 500, 509 [131 Cal.Rptr. 381, 551 P.2d 1213].) However, the

concern addressed by the statute of frauds is not present when, as here, a neutral court participates in the settlement process by assisting the parties to formulate the terms of the settlement. In so doing the court assures itself that the parties are being truthful and acting in good faith, and also that they each comprehend the scope of the agreement.

In addition, application of the statute of frauds to judicially supervised settlements would effectively eliminate the elaborate settlement machinery established by the California Rules of Court, the Standards of Judicial Administration and existing case law declaring the public policy that encourages settlement of litigation. (See, e.g., *Gopal* v. *Yoshikawa* (1983) 147 Cal.App.3d 128, 131 [195 Cal.Rptr. 36].) The statute of frauds was never intended to bar enforcement of judicially supervised settlements.

II*

. . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Judgment affirmed. Respondent to recover costs on appeal.

Peterson, P. J., and King, J., concurred.

---

*See footnote, *ante*, page 1530.