47 F.3d 1165
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Milton Thomas LOVE, Plaintiff-Appellant,
v.
Gary Lee HAIGLER; Denise Starnes Tran; Alton Bost; Lynn
Bishop; Jack Moore; Robert Cansler, in his official
capacity as Chief of Police; The Concord City Police
Department; Leonard Sossamon, City Manager of the City of
Concord; City of Concord, North Carolina, Cabarrus County;
George Smith, individually and as former Chief of Police,
Concord City Police Department, Defendants-Appellees.
 No. 94-1051.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 6, 1994.
Decided: February 13, 1995.
 
 ARGUED: Robert Sawyer Hodgman, ROBERT HODGMAN & ASSOCIATES, Greensboro, NC, for Appellant. Ellen M. Gregg, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, NC, for Appellees. ON BRIEF: Allan R. Gitter, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, NC, for Appellees.
 Before WILKINSON, Circuit Judge, PHILLIPS, Senior Circuit Judge, and LAY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Milton Thomas Love brought this Sec. 1983 suit against the City of Concord, North Carolina (the "City"), as well as numerous City officials and police officers. He appeals various adverse summary judgment rulings, and assigns other errors to the conduct of his trial. We affirm the judgment of the district court in all respects.
 
 I.
 
 2
 In November of 1989, Love attended a party at his employer's residence on Grace Street in Concord, North Carolina. That evening, the City of Concord Police Department received a report of reckless driving in the vicinity of the Grace Street gathering. Officers Gary Haigler, Alton Bost, and Denise Tran arrived at the scene. Love, who was apparently standing outside, began to direct profane epithets at the officers. As Officer Haigler attempted to arrest Love for disorderly conduct, Love lunged at Haigler. When Officer Bost saw Love move toward Haigler, he landed a punch on Love's jaw. Love fell face first on the ground, and the officers handcuffed him and placed him in the rear of Haigler's squad car.
 
 
 3
 On the way to police headquarters, Bost was forced to stop his automobile on Prior Drive. The other officers stopped as well. Love alleged that Haigler then dragged him from the car and struck him in the mouth with a flashlight. He further maintained that the blow from the flashlight broke his jaw and knocked out several of his teeth, requiring medical services totalling $907.54. Love was subsequently convicted in state court of disorderly conduct and resisting a public officer.
 
 
 4
 Love filed an action under 42 U.S.C. Sec. 1983 against the City of Concord and a number of its employees, asserting violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He also appended various state law claims. All defendants moved for summary judgment.
 
 
 5
 The district court granted partial summary judgment in favor of the defendants, dismissing the claims against the City of Concord, former Chief of Police George Smith, and City Manager Leonard Sossamon, inter alia. The case proceeded to trial on the claims against Haigler, Bost, and Tran in their individual capacities and on the state claims for assault and battery and intentional infliction of emotional distress.
 
 
 6
 At the close of plaintiff's evidence, the district court granted judgment as a matter of law in favor of Tran. The court also directed a verdict in favor of Bost as to all claims for compensatory damages, and in favor of Bost and Haigler for all claims except those involving excessive force and battery. The jury returned a verdict that Bost and Haigler used excessive force in arresting Love, but that they were not guilty of battery. The jury awarded $453.77 in compensatory damages against Haigler and $453.77 in punitive damages against Bost. The court entered $1 in nominal damages against Bost.
 
 
 7
 Love moved for a new trial on damages and on the battery claims. He also petitioned the district court for $73,640.66 in attorney fees and costs--a sum based on the number of hours expended on the litigation, the hourly attorney fee, and a contingency enhancement.
 
 
 8
 The court denied the new trial motion and awarded Love $4,100 in fees and costs. Love appeals.
 
 II.
 
 9
 Love first contends that the district court erred in dismissing his claims against the City of Concord, the Police Chief, and the City Manager.
 
 
 10
 It is axiomatic that there is no respondeat superior liability under Sec. 1983 for municipalities who happen to employ constitutional tortfeasors. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978). Rather, in order for liability to attach against a municipality, the alleged constitutional wrong must have been caused by an individual acting pursuant to official municipal policy or custom. Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987), cert. denied, 484 U.S. 1027 (1988).
 
 
 11
 Love plainly failed to present a sufficient evidentiary basis for imposing liability against the City of Concord. As the district court noted, he adduced almost no evidence that it was the City's official policy to authorize or condone the use of excessive force in arrests. He points only to a few unrelated instances, dating as far back as 1979, in which Concord police were accused of employing excessive force. The charges, however, were found to be unsubstantiated or wholly outside the scope of employment. Love also directs our attention to the local district attorney's testimony that allegations of excessive force were "rather commonplace" in Concord. Love, however, omits the district attorney's ensuing, and critical, statement: "[Y]ou look into it and, of course, [the arrestees] were not assaulted." In short, Love has failed to establish any basis for the imposition of municipal liability in this case.
 
 
 12
 Apart from the liability of a municipality as such, a city's supervisory personnel may also be liable under Sec. 1983 in their official capacities for civil rights injuries inflicted by their subordinates. Supervisory liability, however, arises only where "[a] supervisor's continued inaction in the face of documented widespread abuses ... provides an independent basis for finding he was either deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985). A claimant seeking to hold city supervisors liable carries a burden of proof that is not satisfied by reference to isolated incidents of wrongdoing. Id.
 
 
 13
 Again, Love failed to carry his requisite evidentiary burden. The spotty evidence of unsubstantiated allegations of police misconduct is too scant a basis for finding that Police Chief Smith and City Manager Sossamon were deliberately indifferent toward the widespread use of excessive force by Concord police. Moreover, both supervisors stated unequivocally that they were not aware of any pattern of excessive force on the part of City police, nor of any repeated toleration of such behavior. Cf. Slakan, 737 F.2d at 373-75 (imposing supervisory liability against officials who admitted they knew of, condoned, and personally approved the unconstitutional practices at issue). The district court properly held that Love's evidence was insufficient to warrant the imposition of supervisory liability.
 
 III.
 
 14
 Love next challenges the district court's denial of his motion for a new trial. Love's primary assertion is that the jury was "confused" in its deliberations and that this confusion manifested itself in the jury verdict awarding him only $907.54 in damages.
 
 
 15
 When one views the verdict in its entirety, the jury's sense of justice comes through loud and clear. The jury awarded damages that totalled the precise amount of plaintiff's medical expenses. It plainly believed that plaintiff was entitled to compensation for any actual damages he incurred. In declining to award any more than this amount, however, the jury apparently rejected plaintiff's more extravagant claims of emotional trauma. An award that compensates for actual damages is not a miscarriage of justice, and we simply do not disturb jury verdicts on damages absent such circumstances. See Johnson v. Hugo's Skateway, 949 F.2d 1338, 1347 (4th Cir.1991), aff'd on reh'g, 974 F.2d 1408, 1414 (4th Cir.1992) (en banc); DeFoe v. Duhl, 286 F.2d 205, 207 (4th Cir.1961).
 
 
 16
 We also see no merit in Love's other challenges to the denial of the new trial motion. To begin with, we find no evidence of prejudice or bias on the part of the district court. Nor can we say that the district court abused its discretion by refusing to admit into evidence six teeth claimed to have been found on Prior Drive, as Love himself admitted that he lacked the personal knowledge to identify the teeth as his own. In addition, we reject Love's argument that the district court so perplexed the jury by ruling in favor of Tran that a new trial was required. Finally, we find no flaw in the jury instruction regarding the state charge of battery, which correctly specified that North Carolina police officers are liable for battery only when they act with malice or corruption. See Grad v. Kaasa, 321 S.E.2d 888, 890 (1984).
 
 IV.
 
 17
 Love's final contention is that the district court abused its discretion by awarding him $4,100 in attorney fees and costs rather than the $73,640 he requested.
 
 
 18
 It is clear that Love is eligible for an award of attorney fees as a "prevailing party" under 42 U.S.C. Sec. 1988. A reasonable attorney fee generally is determined by a "lodestar" formula: the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This is, however, merely a "useful starting point," id ., from which district courts in their discretion may depart in light of other factors. Id. at 434. "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " Farrar v. Hobby, 113 S.Ct. 566, 574 (1992) (quoting Hensley, 461 U.S. at 436). Conclusions reached by district courts as to fees will not be overturned unless they are "clearly wrong." Spell, 824 F.2d at 1401; McManama v. Lukhard, 616 F.2d 727, 729 (4th Cir.1980).
 
 
 19
 In this case, the district court properly found that Love achieved only limited success in his lawsuit. Love originally filed suit against nine defendants, alleging at least ten separate causes of action and seeking over $100,000 in damages. Yet after three years of litigation he recovered only slightly more than $900 from Haigler and Bost, solely on the basis of his Fourth Amendment claim. In view of Love's limited success, the district court's award of modest fees was within the bounds of its discretion.
 
 V.
 The judgment of the district court is
 
 20
 AFFIRMED.