[No. A098229. First Dist., Div. Five. Mar. 7, 2003.]

SUSAN TIMNEY et al., Plaintiffs and Appellants, v.
STEVE LIN et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.C. and II.D.*

COUNSEL

Myers, Hawley, Morley, Myers & McDonnell and John P. McDonnell for Plaintiffs and Appellants.

Niven & Smith and Stanley W. Smith for Defendants and Respondents.

OPINION

**STEVENS, Acting P. J.**—In the published portions of this opinion, we hold that an illegal forfeiture provision is unenforceable, even if the illegal provision is included in a settlement agreement.

This is an appeal from a ruling by the trial court on a motion to enforce a settlement agreement under Code of Civil Procedure section 664.6. Appellants Susan Timney and Lynda Kretlow contend the forfeiture of their deposit of $31,250 on a proposed real property sale, in accordance with a provision in the settlement agreement, constituted an illegal forfeiture. We agree and reverse.

I. Facts and Procedural History

In the original litigation, appellants sought specific performance of an agreement to buy the home they had been renting from the respondents, the Lins. The originally contemplated sale could not go through, because a 25 percent interest in the property was held by Lih-Yung Chang (Chang), who lived in Taiwan, and was unwilling to sell her interest. In the ensuing litigation, the Lins also filed a cross-complaint for indemnity against Chang.

Appellants and the Lins subsequently entered into a written settlement agreement, which provided for the Lins to sell their 75 percent interest in the property to appellants for $365,625. The only portion of the settlement agreement directly relevant to this appeal is paragraph 13, which called for a return of all funds placed in escrow, upon appellants' deposit of a quitclaim deed in escrow within five days of the closing date of September 11, 2001. However, this provision also stated that if appellants failed to timely place the quitclaim deed in escrow, their deposit of $20,000, together with their initial deposit of $11,250, would be forfeited to the Lins.

The paragraph in question is not labeled as a liquidated damages provision, although its effect is to provide for a forfeiture of funds appellants deposited into escrow. It reads: "If the sale is not completed for any reason attributable to TIMNEY such that ESCROW has not closed by the CLOSING DATE, TIMNEY shall provide LINS with a quitclaim deed assigning all of their interest in the PROPERTY to LINS, jointly and severally. At any time prior to the CLOSING DATE, TIMNEY shall be entitled to terminate the escrow and receive all funds on deposit therein upon the deposit into ESCROW of a quitclaim deed (DEED) transferring to LINS, jointly and severally, all of their right, title and interest in the PROPERTY. If TIMNEY does not complete the sale by the CLOSING DATE due to any reason attributable to them, all rights TIMNEY has for purchase of the PROPERTY shall irrevocably terminate. In the event TIMNEY does not deposit the DEED into escrow within five (5) days after the CLOSING DATE, LINS shall be entitled to the immediate release of all funds in the ESCROW."

Appellants did not complete the sale, as they were unable to secure financing. Apparently because of the interest held by Chang, lenders were unwilling to extend credit without a right to foreclose, which could not be exercised as against Chang without her consent.

Appellants undertook timely steps to cancel the escrow. They submitted cancellation instructions for the title company acting as escrow agent, which was then to prepare and deliver a quitclaim deed to the Lins' attorney.

Purportedly as a result of the disruption caused by the terrorist attacks of September 11, 2001, the quitclaim deed was not prepared by the escrow agent when the cancellation instructions were forwarded to the Lins. Instead, it was provided about three weeks late.

The Lins brought a motion for enforcement of the settlement under Code of Civil Procedure section 664.6.[1] Their motion sought to enforce the settlement agreement, including the provision calling for forfeiture of the appellants' deposited funds in escrow, totaling $31,250, for failure to deposit the quitclaim deed in escrow within five days of the closing date.

Opposing the motion, appellants argued that the provision allowing forfeiture of their deposits for this minor delay was an illegal forfeiture provision. The trial court however granted the Lins' motion to enforce the settlement, thereby permitting the sellers to retain appellants' deposit, and entered judgment accordingly.

II. DISCUSSION

■ Section 664.6 grants authority to a trial court to enforce settlement agreements without the need to file a new lawsuit. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809 [71 Cal.Rptr.2d 265] (*Weddington*).) Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

In this appeal of the trial court's ruling under section 664.6, we first determine the standard of review, and for the reasons stated below we will conclude we must exercise de novo review. We then determine whether an illegal forfeiture provision in a settlement agreement may be enforced by the courts, and we will find such a provision is unenforceable.

A. *Standard of Review*

■ The parties disagree on the applicable standard of review. Appellants maintain we must exercise de novo review, since there are no disputed facts, and only an issue of law is presented as to whether the forfeiture provision is

---

[1]Unless otherwise indicated, all further section references are to the Code of Civil Procedure.

illegal. The Lins suggest we should review the trial court's order only for substantial evidence, as this is the normal standard for review of disputed facts found by trial courts on motions to enforce a settlement.

We first point out, however, that the Lins do not specify any disputed facts as to which we could apply the substantial evidence standard. The only disputes between the parties are legal ones addressing the question of whether the language of paragraph 13, calling for the forfeiture of appellants' deposit, is illegal or not. "Whether a contract is illegal . . . is a question of law to be determined from the circumstances of each particular case. [Citation.]" (*Jackson v. Rogers & Wells* (1989) 210 Cal.App.3d 336, 349-350 [258 Cal.Rptr. 454].) "[W]here (as in the present case) the extrinsic evidence is not in conflict, construction of the agreement is a question of law for our independent review. [Citation.]" (*Appleton v. Waessil* (1994) 27 Cal.App.4th 551, 556 [32 Cal.Rptr.2d 676].)

Only a pure issue of law is raised, concerning the application of legal principles to undisputed facts, and we therefore must exercise de novo review. (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 437 [118 Cal.Rptr.2d 502]; accord, *Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162 [64 Cal.Rptr.2d 571]; *Weddington, supra,* 60 Cal.App.4th at p. 815; see also *Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711 [49 Cal.Rptr.2d 722] ["[T]he trial court's factual determination on a motion to enforce settlement will be affirmed if the court's ruling is supported by substantial evidence. [Citation.] We make such a determination, however, only after deciding whether the parties meet the statutory conditions of section 664.6. Construction and application of a statute involve questions of law, which require independent review. [Citation.]"]; accord, *Kohn v. Jaymar-Ruby, Inc.* (1994) 23 Cal.App.4th 1530, 1533-1535 [28 Cal.Rptr.2d 780] (*Kohn*) [resolving factual disputes under substantial evidence standard, but determining legal issues de novo].)

B. *The Deposit Forfeiture Provision of the Settlement Agreement*

 If the provision in question, authorizing the forfeiture of a substantial deposit by reason of a minor delay in delivery of the quitclaim deed, were included in a real property sales contract, this provision would be void as an illegal forfeiture. (See Civ. Code, §§ 1675, subd. (d), 3275;[2] *Ridgley v. Topa Thrift & Loan Assn.* (1998) 17 Cal.4th 970, 976-982 [73 Cal.Rptr.2d 378,

---

[2]Under Civil Code section 1675, subdivision (d), any contract for the purchase of real property containing a provision for liquidated damages is generally invalid if the liquidated damages exceed three percent of the purchase price: "If the amount actually paid pursuant to the liquidated damages provision exceeds 3 percent of the purchase price, the provision is

953 P.2d 484] (*Ridgley*) [A contractual penalty for lateness was held invalid as an illegal forfeiture provision, despite its formal title.]; *Cook v. King Manor and Convalescent Hospital* (1974) 40 Cal.App.3d 782, 786-789 [115 Cal.Rptr. 471] (*Cook*) [A contractual provision requiring the forfeiture of a $25,000 deposit in the sale of property was held void and unenforceable.].)
 Nevertheless, the Lins claim the deposit forfeiture provision is enforceable because it was contained in a settlement agreement. The question presented is whether the existence of the provision within a settlement agreement requires us to apply a different rule of law.

The case law uniformly treats a settlement agreement as a contract subject to all the normal legal and statutory contractual requirements. "A settlement agreement is in the nature of a contract and is therefore governed by the same legal principles applicable to contracts generally. [Citations.]" (*In re Marriage of Hasso* (1991) 229 Cal.App.3d 1174, 1180-1181 [280 Cal.Rptr. 919]; accord, *Weddington, supra,* 60 Cal.App.4th at pp. 810-811.) "The rule is settled that the courts will not enforce a contract to perform an act prohibited by statute [citation], or by ordinance [citation]." (*Vick v. Patterson* (1958) 158 Cal.App.2d 414, 417 [322 P.2d 548].)

Both our Supreme Court and the Sixth Appellate District have ruled, in related contexts, that section 664.6 does not allow a court to endorse or enforce a provision in a settlement agreement or stipulation which is illegal, contrary to public policy, or unjust. (See *California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658, 664 [268 Cal.Rptr. 284, 788 P.2d 1156] (*California State Auto.*) [Under § 664.6, the court may reject provisions of a settlement as unjust or against public policy]; accord, *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 12-13 [84 Cal.Rptr.2d 715] (*Plaza Hollister*) ["The trial court has the duty to ensure that the stipulated judgment is just and cannot act as a mere puppet. [Citation.] More importantly, a court cannot validly enter a judgment or order which is void even if the parties agree to it."].) Consequently, even though there is a strong public policy favoring the settlement of litigation, this policy does not excuse a contractual clause that is otherwise illegal or unjust. (*Nicholson v. Barab* (1991) 233 Cal.App.3d 1671, 1683 [285 Cal.Rptr. 441] (*Nicholson*) [acknowledging "the policy favoring pretrial settlements," but nevertheless holding: "Settlement agreements are merely

---

invalid . . . ." Given the purchase price of $365,625, the forfeiture of the deposited funds exceeded 3 percent, since it authorized the Lins to retain more than $31,000.

Civil Code section 3275 provides for general relief from forfeiture provisions in contractual obligations: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

one type of contract and should be governed by the laws governing contracts in general."].)

 Because the validity of a settlement agreement is to be judged by the same legal principles applicable to contracts generally (*Weddington, supra,* 60 Cal.App.4th at pp. 810-811), the forfeiture of appellants' deposit as a result of the delay in delivering a quitclaim deed, a delay which caused the Lins no cognizable damages, constitutes an illegal forfeiture provision and is invalid.[3] This is true even though, as respondents point out, the provision does not actually mention the term "liquidated damages," which the parties declined to explicitly use in the contract.[4] The legal effect of the provision is to allow a forfeiture for lateness without regard to any damage caused, as it constitutes a forbidden forfeiture provision, regardless of its formal label. (See *Ridgley, supra,* 17 Cal.4th at pp. 976-978; *Cook, supra,* 40 Cal.App.3d at pp. 786-789.)

The Lins insist the forfeiture language is enforceable because it was contained in a settlement agreement, relying on this division's ruling in *Kohn, supra,* 23 Cal.App.4th at page 1534. There, we held the statute of frauds does not bar enforcement of an *oral* settlement agreement under section 664.6. Our ruling however was based upon our determination that section 664.6, which permits the enforcement of an oral agreement recited in open court, constitutes a specific exception to the statute of frauds. (*Kohn, supra,* at p. 1534.) *Kohn* simply does not support the Lins' position in the present appeal, as there is no corresponding statutory exception allowing enforcement of an illegal deposit forfeiture provision in a settlement agreement.

The legal principles applicable in the present case more closely resemble those found applicable in *Nicholson, supra,* 233 Cal.App.3d at page 1683.

---

[3]The Lins produced no evidence in the trial court demonstrating they suffered any cognizable damages from the three-week delay, or that it was impracticable to estimate the amount of any damages. We therefore are required to assume there were no such damages. (*Cook, supra,* 40 Cal.App.3d at pp. 786-789.) We reject respondents' suggestion that damages could be presumed merely because the house may have been kept off the market for the three-week period; there was no showing any prospective buyer was lost, or even that the house was saleable, given the partial interest held by Chang, which defeated previous attempts to sell or finance a sale.

[4]The Lins suggest the parties intentionally deleted from the settlement agreement certain other proposed language explicitly providing for liquidated damages. Nevertheless, the parties obviously did not delete the language in issue here, which calls for the forfeiture of appellants' deposit as a penalty for their failure to provide a quitclaim deed within five days of the date of the proposed closing. This forfeiture provision is invalid, whether analyzed as a forbidden forfeiture, or as a void provision allowing the recovery of liquidated damages. (See *Ridgley, supra,* 17 Cal.4th at pp. 976-978; *Cook, supra,* 40 Cal.App.3d at pp. 786-789.)

There, the court recognized the policy favoring the validity of settlement agreements, but the court nevertheless found the settlement agreement before it to be void. The court in *Nicholson* reasoned that, because the parties neglected to recite the settlement agreement in open court before the judge, their settlement did not come within any statutory exception to the statute of frauds. In the absence of a specific statutory exception applicable to forfeitures in settlement contracts, we must apply the general principles of contract law. (See *Weddington, supra,* 60 Cal.App.4th at pp. 810-811; see also *T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338] [General contract law should be applied to statutory offers to compromise and settle under § 998, unless those general principles conflict with the specific provisions of the statute or its purposes.].)

In a related argument, the Lins suggest the approval of the settlement agreement by the settlement judge, as to the original litigation, should immunize the forfeiture provision from attack on the grounds of illegality. The settlement judge, of course, was not asked to formally rule on the legality of the forfeiture provision the parties agreed to. Nor was the court presented with applicable law at the settlement conference, by briefing or otherwise, so as to allow a determination of this issue. Had this occurred, the court would likely have been constrained to rule in accordance with the precedents binding on us, that the forfeiture provision was invalid. (See *Ridgley, supra,* 17 Cal.4th at pp. 976-978; *Cook, supra,* 40 Cal.App.3d at pp. 786-789; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Moreover, our Supreme Court and other California courts have rejected the notion that a settlement judge may properly act to "approve" an illegal contract and thereby shield it from invalidation. (See *California State Auto., supra,* 50 Cal.3d at p. 664; *Plaza Hollister, supra,* 72 Cal.App.4th at pp. 12-13.) We have found no case, and the parties have cited none, holding an illegal forfeiture provision may be enforced by the courts, even as part of a settlement agreement. Applying legal principles pertinent to all contracts, the deposit forfeiture provision in issue is invalid as constituting a forbidden forfeiture. (See *Ridgley, supra,* 17 Cal.4th at pp. 976-978; *Cook, supra,* 40 Cal.App.3d at pp. 786-789.)

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

III. DISPOSITION

The order of the trial court enforcing the settlement as to the forfeiture of appellants' deposit is reversed, and the matter is remanded to the trial court

*See footnote, *ante,* page 1121.

with instructions to issue a new judgment severing and invalidating the deposit forfeiture provision and ordering respondents to return appellants' deposit. Appellants shall recover costs on appeal.

Simons, J., and Gemello, J., concurred.