**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MVUINVESTORS, LLC,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>GENERAL ELECTRIC COMPANY, GE Healthcare, a unit of General Electric Company,<br><br>        Defendant - Appellee. | No. 09-56855<br><br>D.C. No. 2:08-cv-08016-R-E<br><br><br>MEMORANDUM[*] |
| MVUINVESTORS, LLC,<br><br>        Plaintiff - Appellant - Cross-Appellee,<br><br>   v.<br><br>GENERAL ELECTRIC COMPANY, GE Healthcare, a unit of General Electric Company,<br><br>        Defendant - Appellee - Cross - Appellant. | No. 09-56998<br><br>D.C. No. 2:08-cv-08016-R-E |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 17, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and PAEZ, Circuit Judges.

This is a diversity case for breach of contract. The underlying facts of this appeal are known to the parties and need not be repeated. MvuInvestors, LLC (MVU) alleges that General Electric (GE) and its subsidiary, GE Healthcare, agreed to buy MVU's patent portfolio of a portable magnetic-resonance-imaging (MRI) machine for $3 million down, and up to $10 million from future sales. The district court ruled, among other things, that there was no contract under California law and granted summary judgment to GE and GE Healthcare. MVU appeals. GE and GE Healthcare cross-appeal the district court's denial of their motion for Rule 11 sanctions against MVU.

Even if we assume that the conflicting evidence showed an oral contract subject to conditions was formed under California law, see Kohn v. Jaymar-Ruby, Inc., 23 Cal. App. 4th 1530, 1534 (1994), we may affirm the district court's grant

2

of summary judgment on any ground supported by the record. See, e.g., Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 811 (9th Cir. 2004). We conclude that summary judgment was appropriate because no reasonable factfinder could find that the second of the two conditions necessary for the oral contract to become binding under California law—that of researching the consumer market to determine the viability of GE's investment—was ever met. Platt Pac., Inc. v. Andelson, 862 P.2d 158, 161–62 (Cal. 1993).

The second condition related to GE receiving customer feedback about the portable MRI machine, and surveying these past customers. MVU pointed to the deposition testimony of MVU's chairman and primary shareholder wherein he thought that this "Condition . . . had been satisfied." It was, in the sense of obtaining some feedback, but it was not, in the sense of obtaining positive feedback. To make any sense, the condition had to mean obtaining positive customer feedback, not just customer feedback regardless of whether it was positive or negative. No evidence in the record establishes a genuine issue of fact as to the commercial viability for GE.

After construing, as we must, these facts in the light most favorable to MVU, Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 639–40 (9th Cir. 2003), we conclude that a mere subjective legal opinion by the MVU chairman is not enough, on its own, to create a *genuine* issue of material fact. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006) (observing that a plaintiff's subjective impressions, standing alone, may not create a genuine dispute of material fact). Indeed, our court's case law is clear that deposition testimony not within the deponent's personal knowledge, consisting of summary legal conclusions, does not create a genuine factual dispute. See, e.g., Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Regarding the cross-appeal, although the transcripts of the proceedings show that the district court applied an incorrect standard for Rule 11 sanctions, see Conn v. Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992), sanctions would have been inappropriate regardless because MVU's case had "a reasonable basis . . . in both law and in fact." Larez v. Holcomb, 16 F.3d 1513, 1522 (9th Cir. 1994) (quoting Cooter & Zell v. Harmarx Corp., 496 U.S. 384, 393 (1990)); see also Fed. R. Civ. P. 11(b). The district court's application of a subjective "bad faith" standard for

4

Rule 11 sanctions was harmless because its conclusion that sanctions were inappropriate was compelled by the record.

We therefore **AFFIRM**.