[No. A109972. First Dist., Div. Two. Mar. 21, 2006.]

RENZO PIETROBON, Plaintiff and Respondent, v.
MARC LIBARLE, Defendant and Appellant.

## COUNSEL

John F. Hudson and Sean Ellis for Defendant and Appellant.

Law Office of Douglas H. Bosco, Douglas H. Bosco and Robert Murray Bone for Plaintiff and Respondent.

OPINION

LAMBDEN, J.—

### Introduction

Defendant Marc Libarle appeals from a judgment of the Sonoma County Superior Court in favor of plaintiff Renzo Pietrobon on plaintiff's action against defendant for breach of a settlement agreement. Defendant contends there was no written settlement agreement and that the court erred in ruling that the four-year statute of limitations for an action upon a contract founded upon an instrument in writing (Code Civ. Proc., § 337[1]) applied. He further argues that if there was a written agreement, it did not satisfy the statute of frauds (Civ. Code, § 1624, subd. (a)) because he had never signed it.

### Facts and Procedural Background

The relevant facts are undisputed. On May 11, 2000, defendant, an attorney, and plaintiff, a former client, entered into a settlement of plaintiff's lawsuit against defendant in open court before the Honorable Raymond J. Giordano. The parties agreed to a stipulated judgment in the total amount of $55,000, and that defendant would pay plaintiff certain sums on a payment schedule over a two-year period. The parties agreed that if defendant made payments in accordance with the schedule set forth on the record, the debt would be discharged after payment of $45,000 ($10,000 of which was paid at the hearing and subsequent payments of $8,750 that were to be made every six months thereafter for two years). If defendant were late under the terms of the agreement, plaintiff "will record the judgment and [has] every right to levy against it for the full amount of $55,000." The court accepted the stipulation. The parties do not dispute the terms of the agreement. Counsel for defendant stated he would be reducing the stipulation to a writing. He drafted such a writing and delivered it to plaintiff for signature. Plaintiff signed the agreement on June 30, 2000. Defendant failed to sign the agreement.

On February 26, 2001, the trial court issued an order to show cause why sanctions should not be imposed and/or the action dismissed in its entirety for plaintiff's "failure to comply with Sonoma County Courts Rule 4 et seq., i.e.

---

[1] All statutory references are to the Code of Civil Procedure, unless otherwise indicated.

failure to dismiss the entire action, including fictitious defendants, within 45 days of announced settlement. (At the hearing of May 11, 2000, counsel was ordered to prepare and submit formal judgment.)" Plaintiff was advised in the order to show cause that the filing of a dismissal at least two court days before the date for hearing would eliminate the need for an appearance. On May 3, 2001, plaintiff dismissed his action against defendant with prejudice. Defendant made a partial payment on June 14, 2001, and thereafter stopped making payments altogether.[2]

Plaintiff apparently sought to enforce the settlement agreement pursuant to the summary procedure set forth in section 664.6; however, the trial court denied the requested relief because it lacked jurisdiction following the voluntary dismissal of the underlying action.

Plaintiff therefore sued defendant in a separate lawsuit for breach of the settlement agreement, fraud, and common counts on January 20, 2004. Defendant filed general and special demurrers to the complaint and a motion to strike the fraud cause of action. Following a May 18, 2004 hearing on defendant's demurrers, on June 3, 2004, defendant answered the complaint. He raised affirmative defenses, including that the alleged contract was within the statute of frauds (Civ. Code, § 1624) as a contract not to be performed within one year, that it was not in writing and subscribed to by defendant, and that the action was barred by the statute of limitations (§ 339 [two-year statute for oral contract]).

On June 21, 2004, the trial court filed its order on the demurrer and motion to strike the complaint, overruling the demurrer and granting the motion to strike the fraud cause of action with leave to amend. Plaintiff indicated he did not intend to amend the complaint at that time.

A court trial was held on January 12 and February 4, 2005. At trial, defendant acknowledged that he had agreed to the specific terms of the agreement as it appeared on the record of the settlement proceeding. He recalled that the judge had asked him specifically whether he agreed to the terms of the settlement, and he had confirmed that he did. He confirmed that the judge had indicated the agreement should be reduced to writing and that his attorney had agreed to do so and had done so. He acknowledged that the terms of the written agreement prepared by his attorney were consistent with

---

[2] According to plaintiff's complaint, defendant had paid "10,025.00 on May 11, 2000; $5,500.00 on December 19, 2000; $3,000.00 on April 26, 2001; and $3,000.00 on June 14, 2001."

the agreement on the record of the May 11, 2000 settlement proceeding. He acknowledged that he had failed to make payments consistent with the agreement. The trial court found in favor of plaintiff, ruling that the settlement agreement reached in open court was reduced to a writing that accurately set forth the agreement, that the writing did not need to be signed to fall within the scope of the four-year statute of limitations for breach of a written agreement (§ 337).

Judgment in favor of plaintiff in the sum of $46,114.02 ($33,475 damages, plus prejudgment interest and costs) was entered on February 17, 2005, and this timely appeal followed. Defendant chose to proceed under California Rules of Court, rule 5, designating various portions of the record to make up the clerk's transcript.

## Discussion

Defendant contends the trial court erred in finding for plaintiff. He asserts that there was no written agreement, but only an oral agreement subject to the two-year statute of limitations (§ 339) which had expired by the time plaintiff filed his action against defendant for breach of the settlement agreement. He further contends the settlement agreement did not satisfy the statute of frauds as an installment contract calling for payments over a period in excess of one year. (Civ. Code, § 1624.)

Both parties agree that section 664.6 does not control here because the underlying matter had been dismissed and the parties had not requested that the court retain jurisdiction either in a writing signed by both parties themselves or orally before the court at the time of the stipulated settlement as provided in section 664.6. (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 433 [118 Cal.Rptr.2d 502].)[3] Consequently, plaintiff was left to pursue enforcement of the settlement agreement by means of a separate action. (*Wackeen*, at p. 441.) "While . . . the court's lack of continuing jurisdiction to utilize section 664.6 does not preclude a party's enforcement of a settlement agreement by means

---

[3] Section 664.6 states: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." "The Legislature enacted section 664.6 in 1981 to create a summary procedure for enforcing settlement agreements under certain circumstances. (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 585 [41 Cal.Rptr.2d 878, 896 P.2d 171].) Previously, settlement agreements could be enforced only by a motion for summary judgment, a separate suit in equity, or an amendment to the pleadings. (*Id.* at pp. 584–585.)" (*Gauss v. GAF Corp.* (2002) 103 Cal.App.4th 1110, 1117 [127 Cal.Rptr.2d 370].)

of a separate action, matters such as statutes of limitation and the ability to bring an absent litigant back into court make enforcement of a settlement agreement under section 664.6 preferable to a separate suit." (*Ibid.*)

# I.

The central question here is whether the four-year statute of limitations for a written contract (§ 337) applies in these circumstances. We believe that it does.

In *Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528 [25 Cal.Rptr. 65, 375 P.2d 33] (*Amen*), the California Supreme Court held that an action against an escrow holder for failure to comply with escrow instructions was on a written contract, despite the failure of the escrow holder or its agent to sign the instructions. (*Id.* at p. 533.) The instructions provided that any debts over a specified amount to be assumed by the plaintiff would be paid by the escrow holder out of the sale proceeds. The escrow was accepted by the escrow holder, but the instructions were never signed by the escrow holder or its agent. (*Id.* at pp. 530–531.) The buyers sued the escrow company for breach of the escrow contract when the escrow closed without payment out of the escrow of debts exceeding the specified amount. (*Ibid.*) According to the Supreme Court, "[t]he contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing. [Citations.]" (*Id.* at p. 532.) *"When a party has agreed to the writing, there is no reason to invoke the two-year statute of limitations applicable to oral agreements. The four-year statute of limitations, unlike the statute of frauds, does not require that the writing be signed by the party to be charged.* Had the Legislature meant to make a signature mandatory for a writing to qualify for the longer period of limitations it would have so provided as it did in section 360 of the Code of Civil Procedure, which requires that a new promise to perform under an old contract be signed to start the statute running anew. Plaintiff's action was therefore on a written contract." (*Id.* at p. 533, italics added; accord, *E.O.C. Ord, Inc. v. Kovakovich* (1998) 200 Cal.App.3d 1194, 1199–1202 [246 Cal.Rptr. 456].)

Defendant argues that *Amen* is distinguishable as both the buyer and the seller had signed the written escrow instructions. We disagree. The important point for purposes of the statute of frauds is that the "party to be charged" in the case—the escrow holder—had not signed the instructions. The instant facts

present an even stronger case, as the record shows defendant's agreement to the specific terms in open court at the settlement proceeding. At trial defendant admitted that he had agreed to the settlement and reaffirmed that the terms to which he had agreed were those set forth in the written settlement agreement prepared by his attorney.

## II.

■ The statute of frauds does not render the agreement invalid, although it is clear that the settlement agreement "by its terms is not to be performed within a year from the making thereof." (Civ. Code, § 1624, subd. (a)(1).)[4] However, the statute contains an exception stating that notwithstanding this provision, "[t]here is sufficient evidence that a contract has been made" when "[t]he party against whom enforcement is sought admits in its pleading, *testimony, or otherwise in court that a contract was made.*" (Civ. Code, § 1624, subd. (b)(3)(C), italics added.) That is precisely what occurred here. Defendant agreed to the terms of the settlement on the record of the May 2000 hearing. He again affirmed the agreement and its terms in his testimony at the January 12, 2005 trial.

*Nicholson v. Barab* (1991) 233 Cal.App.3d 1671 [285 Cal.Rptr. 441] (*Nicholson*), relied upon by defendant, does not support his position. In *Nicholson,* the trial court entered judgment for the buyers and against sellers for damages and specific enforcement of an agreement to purchase real property. The parties had entered into a settlement agreement under certain terms at a judicial settlement conference; *however, the settlement agreement was not placed on the record.* When sellers refused to sign a letter confirming the terms of the agreement, the buyers sought to enforce the agreement pursuant to section 664.6. The trial court denied buyers' motion and the appellate court affirmed on the grounds that the settlement agreement was not recorded by the court. Consequently, the agreement was unenforceable by reason of the statute of frauds. (*Nicholson,* at pp. 1679, 1681–1683.) According-ing to the court: "[W]e can find no reason to exempt settlement

---

[4] Civil Code section 1624 provides in relevant part: "(a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: [¶] (1) An agreement that by its terms is not to be performed within a year from the making thereof. [¶] . . . [¶] (b) Notwithstanding paragraph (1) of subdivision (a): [¶] . . . [¶] (3) There is sufficient evidence that a contract has been made in any of the following circumstances: [¶] . . . [¶] (C) The party against whom enforcement is sought admits in its pleading, *testimony, or otherwise in court that a contract was made.*" (Italics added.)

agreements from the statute of frauds where the statute of frauds would otherwise be applicable. Settlement agreements are merely one type of contract and should be governed by the laws governing contracts in general." (233 Cal.App.3d at p. 1683.) The court specifically observed that the parties had chosen not to comply with the requirements of section 664.6 as there the settlement agreement was neither in writing *nor placed on the record in open court.* (233 Cal.App.3d at p. 1681.) Here, of course, the parties complied with the requirements of section 664.6 insofar as they placed the settlement on the record before the court.

■ Moreover, the *Nicholson* court specifically noted that it did "not address the issue of whether judicially supervised settlement agreements, made orally on the record before the court, in compliance with Code of Civil Procedure section 664.6 need also comply with the statute of frauds." (*Nicholson, supra,* 233 Cal.App.3d at p. 1683, fn. 4.) That question was answered in the negative by the later case, *Kohn v. Jaymar-Ruby, Inc.* (1994) 23 Cal.App.4th 1530, 1534 [28 Cal.Rptr.2d 780] (*Kohn*). There, the court held that "the statute of frauds is inapplicable to an oral settlement agreement stipulated to by the parties before the court following a judicially mandated and supervised settlement conference. The purpose of the statute of frauds is to prevent fraud and perjury as to extrajudicial agreements, by requiring for their enforcement the more reliable evidence of some writing signed by the party to be charged. [Citation.] However, the concern addressed by the statute of frauds is not present when, as here, a neutral court participates in the settlement process by assisting the parties to formulate the terms of the settlement. In so doing the court assures itself that the parties are being truthful and acting in good faith, and also that they each comprehend the scope of the agreement." (*Kohn,* at pp. 1534–1535.)

In the instant action, the settlement was placed on the record in the manner required by section 664.6. Of course, plaintiff's dismissal of the underlying action and the failure of the parties to have expressly agreed to the trial court's retention of jurisdiction rendered the trial court without jurisdiction to enforce the settlement on plaintiff's subsequent section 664.5 motion. Therefore, plaintiff was compelled to initiate a separate lawsuit for breach of the settlement agreement. We can say with confidence that "the concern addressed by the statute of frauds is not present" in these circumstances. (*Kohn, supra,* 23 Cal.App.4th at p. 1535.)

## Disposition

The judgment is affirmed. Plaintiff shall recover his costs on appeal.

Haerle, Acting P. J., and Busch, J.,* concurred.

---

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.