Filed 5/31/13  Storper v. Dillick CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JONATHAN S. STORPER,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>STEVEN DILLICK et al.,<br><br>　　　Defendants and Appellants. | A135435<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-07-468743) |

　　　Jonathan Storper sued his neighbors Steven and Stephanie Dillick because a tree on the Dillicks' property encroaches on Storper's property.  A settlement was reached, and Storper voluntarily dismissed his lawsuit, with prejudice.  Three years later, issues concerning the tree were still not wholly resolved.  Storper wanted to enforce the settlement, but was told by a court clerk he first needed to set aside the dismissal.  So Storper filed a motion to vacate, attaching his proposed motion to enforce.  The trial court allowed Storper to proceed, but modified the proposed order granting the motion.  The court interlineated the proposed language vacating the judgment and restoring the case to the civil active list and, instead, ordered simply that Storper could file his proffered motion to enforce.  The Dillicks have appealed, contending the court could not set aside the dismissal.  We treat the appeal as a writ and deny it, thereby leaving the trial court's order intact.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We recite only the facts and procedural history pertinent to the issues before us. In October 2007, Storper filed a complaint in superior court against the Dillicks over a large Monterey cypress tree on the Dillicks' property. Storper sued under the San Francisco Tree Dispute Resolution Ordinance, claiming the cypress's branches obstructed his city views, blocked a path, encroached on shrubbery on his own property, and created a fire hazard.

Seven months later, on May 14, 2008, Storper and Steven Dillick, and their attorneys, appeared before the trial court to put a settlement agreement on the record. Counsel and the parties took turns stating and clarifying terms of the settlement. The Dillicks would pay to have the cypress trimmed, according to agreed-upon parameters, within 30 days. Upon trimming, and within 180 days, the Dillicks could purchase up to three replacement trees and ask Storper for up to $6,000 in reimbursement. Then, within three years, Storper could elect removal of the cypress, in which case the Dillicks would have 60 days to remove the tree and Storper and the Dillicks would split the cost. Defendants would also agree to a covenant, running with their property, regarding plant heights. Amongst several other terms, the parties agreed "[t]he court will retain jurisdiction pursuant to Civil Code of Procedure [*sic*] Section 664."

After recitation of the terms, the court swore the parties who were present, Storper and Steven Dillick, and each agreed to the settlement. Counsel for Storper then noted, "[t]here's another Defendant in the case who's not present in the court and we'd just like to clarify for the record that she will be similarly bound by the terms of the settlement agreement." Steven Dillick responded, "I can represent that I represent my wife and she's the other Defendant and that we agree that she is so bound." The court then stated it accepted the settlement agreement.

On May 22, 2008, Storper's attorney filed, and the trial court entered, a request for dismissal of the complaint with prejudice.

2

In late 2011, Storper concluded he needed to seek the assistance of the court to enforce the settlement agreement. He was prepared to file a motion to enforce at that time, but was dissuaded by a court clerk who told him he first needed to file a "Motion to Vacate the Dismissal with Prejudice." Accordingly, on January 12, 2012, Storper filed a motion to vacate under Code of Civil Procedure section 473[1] on the basis of "mistake, inadvertence, surprise, or excusable neglect." He asserted his attorney should not have filed the dismissal in the form she did (i.e., with prejudice), which he claimed (per the court clerk) precluded him from filing a motion to enforce. Storper included with his motion to vacate a proposed motion to enforce the settlement under section 664.6.

The Dillicks opposed Storper's motion to vacate on the ground the time period for seeking section 473 relief (six months) had expired.

At the March 8, 2012 hearing, the trial court found there had been "extrinsic mistake" and granted the motion to vacate. The same day, the trial court signed Storper's proposed written order granting the motion. While the court vacated the dismissal, it crossed out the proposed language that would have "restored [the case] to active status," and instead simply allowed Storper to file his proposed motion to enforce.

## DISCUSSION

### *Introduction*

After reviewing the record on appeal and the parties' arguments in their briefs, we became concerned a threshold question had been overlooked—was it necessary for Storper to have the dismissal vacated before moving to enforce the settlement agreement? We asked for supplemental briefing, appraising the parties of several cases indicating a dismissal was no obstacle to enforcement of a settlement agreement. (E.g., *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439 [even if "plaintiff may dismiss the suit of its own

---

[1] All further statutory references are to the Code of Civil Procedure unless indicated.

3

accord, the court may nevertheless retain jurisdiction to enforce the terms of the settlement" under section 664.6's expedited procedure]; *Pietrobon v. Libarle* (2006) 137 Cal.App.4th 992, 996–997 [dismissal with prejudice no obstacle to enforcing settlement in separate action].)  We asked, in light of these cases, whether the appeal was moot if indeed the trial court had authority all along to entertain a motion under section 664.6, or a new action, to enforce the settlement.  The parties submitted the requested supplemental briefing, which we shall discuss in the following sections of this opinion.

### Appealable Order

We first, however, consider a jurisdictional matter:  Storper's assertion the trial court's order is not appealable.  Courts disagree as to the appealability of orders vacating a voluntary dismissal.  (Compare *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364–1366 (*H.D. Arnaiz*) [not appealable], with *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 21 [appealable].)  In this case, as we have noted, the trial court did not issue an unambiguous order vacating the dismissal.  Rather, the court crossed out the language in the proposed order that would have restored the case to the civil active list and effectuated a true vacating of the dismissal and, instead, merely allowed Storper to file his motion to enforce the settlement.

Given the oddity of the order, and the uncertainty regarding appealability of orders vacating voluntary dismissals, we resolve the problematic jurisdiction in this case by deeming the instant appeal a writ petition.  No purpose would be served by delaying appellate review until a later time.  (See *H.D. Arnaiz*, *supra*, 96 Cal.App.4th at p. 1367 [converting to writ an appeal from grant of motion to vacate].)

### Enforcement of Settlement Agreement

Enforcement of settlement agreements, like other contracts, may be pursued in a civil action.  (*Pietrobon v. Libarle*, *supra*, 137 Cal.App.4th at pp. 996–997.)  In addition, section 664.6 provides a shortcut.  (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182.)

4

Under that section, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." (§ 664.6.) It further authorizes the court, on the parties' request, to "retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (*Ibid.*)

Dismissal of the settled action is no obstacle to enforcement of a settlement agreement in a civil action. (*Pietrobon v. Libarle*, *supra*, 137 Cal.App.4th at pp. 996–997.) Nor is dismissal an obstacle to enforcement under section 664.6, so long as the settlement agreement calls for retained jurisdiction by the trial court. (*Wackeen v. Malis*, *supra*, 97 Cal.App.4th at p. 439; *Hines v. Lukes*, *supra*, 167 Cal.App.4th at p. 1182 ["The court retains jurisdiction to enforce a settlement under the statute even after a dismissal . . . if the parties requested such a retention of jurisdiction before the dismissal."]; *Hernandez v. Board of Education* (2004) 126 Cal.App.4th 1161, 1175–1177 [approving of court's retention of jurisdiction to enforce a settlement agreement after an action dismissed with prejudice]; *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1010 [suggesting court would have had the power to enforce settlement under section 664.6 following dismissal with prejudice had the parties made a predismissal request for retention of jurisdiction].)

In their supplemental briefing, the Dillicks contend Storper's dismissal is a bar to a section 664.4 motion, citing *Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp.* (2009) 174 Cal.App.4th 67, 80. The problem in that case, however, was the settlement agreement, unlike the one here, *did not provide for retained jurisdiction.*

Indeed, a contrary rule would upend attorneys' general expectations. "Settlement agreements often, if not generally, require dismissals to be filed so that the litigation comes to an end." (*Wackeen v. Malis*, *supra*, 97 Cal.App.4th at p. 439.) Thus, "even though a settlement may call for a case to be dismissed, or the plaintiff may dismiss the

5

suit of its own accord, the court may nevertheless retain jurisdiction to enforce the terms of the settlement, until such time as all of its terms have been performed by the parties, *if the parties have requested this specific retention of jurisdiction.*" (*Ibid.*)

Here, the parties' settlement agreement as stated on the record, expressly provided for retained jurisdiction to enforce the agreement. Accordingly, Storper was entitled to file a motion to enforce the settlement under section 664.6 regardless of the prior dismissal with prejudice. In short, the court clerk was wrong—a motion to vacate the dismissal was not a prerequisite to filing a motion to enforce under section 664.6. Accordingly, Storper's motion to vacate the dismissal and the trial court's subsequent order were unnecessary and essentially wasted effort.

In their supplemental briefing, the Dillicks advanced an alternative reason as to why their appeal from the order allowing Storper to file a section 664.6 motion to enforce the settlement has merit—that there is no enforceable settlement agreement for purposes of section 664.6 *at all* because Stephanie Dillick did not personally assent to the agreement on the record at the May 2008 hearing. (See, e.g., *Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1163–1164 [holding one spouse could not bind other for purposes of section 664.6].) They assert that in the absence of a valid agreement, the trial court could not permit the filing of a motion to enforce. This is not an argument the Dillicks ever advanced in the trial court. We also note the chutzpah of the Dillicks in making it, given Steven Dillick's express assurance on the record to the trial court, unchallenged by any counsel or the court, that he had authority to agree to the settlement for himself and Stephanie, and Stephanie would be bound by its terms.

Regardless of whether Stephanie is bound by the agreement—an issue we need not and do not reach—that issue pertains only to the *extent* to which the settlement agreement is enforceable under section 664.6, it does not pertain to the existence of the settlement agreement or the availability of expedited enforcement. A motion to enforce a settlement agreement under section 664.6 lies against any party that properly assented to it, so long

6

as the enforcing party also so assented. (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 305–306 (*Harris*).) Section 664.6 does not require the signature of "*all* the parties in the action." (*Harris*, at p. 306.) Indeed, "[t]he statutory purpose of expediting settlement agreements to judgment would not be furthered if it was unavailable to those litigants on both sides of a multiparty action who choose to enter into a settlement agreement in the manner contemplated by the statute." (*Ibid.*)

Thus, at the very least, Stephen Dillick is subject to a section 664.6 motion. At oral argument he contended such a motion would be pointless because his wife's agreement is necessary to place any burden on their property. Again, this is an assertion not made in the trial court and as to which no record has been made. There are numerous aspects to the settlement agreement, and the extent to which the agreement can be enforced against Stephen is an issue we need not, and do not, reach. What is clear, at this juncture, is that Storper's dismissal has not foreclosed him from filing, or the trial court from entertaining, a section 664.6 motion.[2]

Finally, regardless of whether the trial court properly granted Storper's motion to vacate under section 473, the outcome—that Storper was allowed to file his motion to enforce under section 664.6—was the correct result for the reasons we have discussed. A fundamental principle of appellate review holds "we review the result" and substance of the trial court's decision, "not the reasoning" behind it. (*Sacramento County Alliance of*

---

[2] As we have noted, settlement agreements are also enforceable in an independent civil action, and such an action is not subject to the stringent requirements of section 664.4. (See *Pietrobon v. Libarle*, *supra*, 137 Cal.App.4th at pp. 996–997.) Further, in such an action, principles of estoppel might come into play given Steven Dillick's unequivocal statement on the record that he had authority to act for his wife and depending on the Dillicks' conduct in furtherance of the agreement. (See *Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 45, 51 [although settlement not enforceable by way of motion under section 664.6, judicial estoppel invoked in civil action to enforce settlement].) We express no opinion, however, as to whether Storper would be successful in a civil action or in advancing any kind of estoppel argument.

*Law Enforcement v. County of Sacramento* (2007) 151 Cal.App.4th 1012, 1020.) "A decision right in result will not be reversed because it is based on an erroneous theory." (*Florio v. Lau* (1998) 68 Cal.App.4th 637, 653.) In short, we conclude the trial court's order was a moot exercise. As it is, it correctly stated Storper could file a motion to enforce under section 664.4.

### DISPOSITION

Having deemed the appeal in this matter to be a petition for writ of mandate to resolve the issue of appealability, we hereby deny the petition on the merits, leaving the challenged order intact. Storper, as the successful writ respondent, is entitled to costs.

_____

Banke, J.

We concur:

_____

Margulies, Acting P. J.

_____

Dondero, J.