Filed 1/17/25  Sunrise Financial v. Sarbaz CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SUNRISE FINANCIAL, LLC, | B324659 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC667451) |
| v. | |
| MANOUCHER SARBAZ et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed in part and reversed in part and remanded with instructions.

Law Offices of Steven L. Sugars and Steven L. Sugars for Plaintiff and Appellant.

Gilchrest Law Group and Robert M. Gilchrest for Defendants and Respondents.

Sunrise Financial, LLC (Sunrise) sued to recover the unpaid balance on two promissory notes signed by defendant Manoucher Sarbaz, who invested the loan proceeds for the benefit of High Desert Solar, LLC (High Desert). Following a bench trial, the superior court entered judgment for defendants. We reverse the judgment as to Sunrise's first cause of action for breach of contract and remand to the trial court. In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Sunrise is a mortgage broker in the business of making secured loans. In late 2012, Sunrise's agent, Shahram Elyaszadeh, was approached by defendant Manoucher Sarbaz,[1] seeking a loan to stave off the impending foreclosure of a home on Lindbrook Drive (property) in West Los Angeles owned by Lucerne Valley, LLC (Lucerne) and occupied by Manoucher's disabled brother (and Lucerne's sole owner) Kamran. In January of 2013, Kamran (acting for Lucerne) signed a promissory note payable to Sunrise in the amount of $310,000, secured by a deed of trust on the Lindbrook home. The note was payable on July 8, 2013. Lucerne ultimately defaulted on that note. Sunrise foreclosed on the property, and it was sold at a trustee's sale in March of 2015.[2]

---

[1] We refer to the Sarbaz brothers by their first names, meaning no disrespect.

[2] That matter was the subject of separate litigation, in which Lucerne alleged wrongful foreclosure as to the property. The trial court found in Sunrise's favor, and a separate division of this court affirmed. (*Lucerne Valley, LLC v. Sunrise Financial, LLC* (Mar. 3, 2020, B288520) [nonpub. opn.].)

2

Later in 2013, Manoucher approached Elyaszadeh and Sunrise about additional short-term loans. Manoucher represented to Elyaszadeh that he would soon be receiving a substantial income tax refund, which he would use to repay these loans. He also represented that he needed the loans to finance the continuing operations of High Desert, a company owned by Manoucher. On April 29 and May 17, 2013,[3] Manoucher signed the promissory notes that are the subject of this action, in the total amount of $190,000. Both these notes, like the January note, were due and payable on July 8, 2013.

Although Manoucher signed both notes, they name Lucerne Valley, LLC as the maker, and both notes have a signature line for Kamran to sign in his capacity as "Managing Member" of Lucerne. Both the April and May notes include a warranty of the signer's authority: "Each individual signing this Note on behalf of Maker warrants and represents that such individual has the full authority to execute this Note on behalf of Maker, that such individual is acting within the scope of such authority, and that the terms and conditions of this Note shall be binding upon and enforceable against Maker by virtue of such signature." Both notes also state as follows, immediately above the signature line: "Maker represents and warrants to [Sunrise] that the loan evidenced by this Note is for the refinancing purpose only of [the Lindbrook property] that no part of the loan will be used for other than this purpose, that the property is an owner-occupied property." Notwithstanding these statements, Manoucher admitted in discovery that he did not have authority to sign

---

[3]     The May note is dated May 13, 2013, but Sunrise refers to it in its complaint and on appeal as having been signed on May 17.

either note on Lucerne's behalf and that the proceeds of the loans were used by Manoucher for the benefit of High Desert rather than for Lucerne. The loan proceeds were disbursed to Manoucher (rather than to Lucerne) in the form of checks payable to him.

Manoucher did not repay either the April or May note when they became due on July 8, 2013.

On July 5, 2017, Sunrise filed suit on the April and May notes, naming Manoucher and High Desert as defendants, and alleging causes of action against Manoucher for breach of contract, accounts stated and fraud in the inducement, against High Desert for unjust enrichment, and against both defendants for money had and received. The action was decided in a bench trial that began in October of 2018, but did not conclude until December of 2021. On February 28, 2022, the court issued a statement of decision in favor of Manoucher and High Desert on all claims. The court found that Manoucher orally promised "that he would repay the loans with money he expected to receive from tax refunds" and "promised the loans would be paid off by July 8, 2013," and that Sunrise considered the April and May notes "to be obligations that [Manoucher] would honor himself," but that a cause of action for breach of oral contract was untimely under Code of Civil Procedure section 339, subdivision (1). The court also found that Sunrise's second cause of action for money had and received was time-barred as well. On Sunrise's third cause of action for account stated, the court, reasoning that "[a]n account stated claim exists where there is an agreement on an amount owed arising from a 'previous financial transaction,'" concluded Sunrise was suing on the notes themselves, rather than on a "new agreement between the parties addressing an

4

amount owed" based on the April and May notes. Finally, the court rejected Sunrise's fraud claim, finding Sunrise had not proved Manoucher made knowingly false representations regarding his ability to repay the April and May notes from an expected tax return.[4]

The court entered judgment in favor of all defendants on September 12, 2022, and Sunrise filed a timely notice of appeal.

## DISCUSSION

On appeal, Sunrise argues defendants waived the affirmative defense of limitations by failing to plead it in the manner required by statute. Sunrise also argues error as to each cause of action except for its third cause of action for accounts stated, which is not part of this appeal. We address Sunrise's contentions in turn.

### A. Defendants Properly Raised Their Limitations Defense

Sunrise's first contention on appeal is that defendants did not properly allege the statute of limitations in their answer, and thereby waived the defense. Their argument has no merit.

Defendants' first amended answer alleges as follows as defendants' fourteenth affirmative defense:

"The unverified Complaint alleges breach on July 8, 2013. The unverified Complaint was filed on July 5, 2017. Thus, the breach of contract claim as well as the common count claims based on said contract are time-barred. [¶] Because Plaintiff knew that Defendants were not authorized agents of Lucerne as

---

[4] The trial court's statement of decision does not address Sunrise's fifth cause of action for unjust enrichment, an omission Sunrise pointed out to the trial court.

5

far back as January 2013, the three-year statute of limitations of Plaintiff's fraud claim began to run on July 8, 2013 (if not when each promissory note evidencing the loan was signed). The unverified Complaint alleges breach on July 8, 2013. The unverified Complaint was filed on July 5, 2017. Thus, the fraud claim is time-barred."

Sunrise argues that defendants' fourteenth affirmative defense is legally insufficient, citing Code of Civil Procedure section 458. That statute provides, in pertinent part, that a pleader invoking the statute of limitations must cite both the statute itself and, where the statute is divided into subparts, the correct subpart. This is not, however, the only way to plead the defense of limitations. Our cases make clear that in lieu of "plead[ing] the specific section and subdivision," a party may "allege facts showing that the action is barred, and indicating that the lateness of the action is being urged as a defense." (*Martin v. Van Bergen* (2012) 209 Cal.App.4th 84, 91.) That is precisely what defendants did in the passage quoted above.

The allegations of a pleading must be "liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452). A pleading is sufficient if it sufficiently informs the adverse party of the nature of a claim or defense. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 240.) Sunrise waived any objection to the form of an affirmative defense by going to trial without objecting to the pleading "by demurrer or otherwise." (*Rawlins v. Ferguson* (1901) 133 Cal. 470; *Williams v. Rush* (1933) 134 Cal.App.554, 557–558.)

6

## B. Sunrise's Breach of Contract Claim is Timely

Sunrise next argues the trial court erred by concluding Manoucher's signature on the April and May notes created only an oral agreement, subject to the two-year statute of limitations. We agree. Treating the earliest possible date of breach as July 8, 2013, the due date for both the April and May notes, Sunrise's cause of action for breach of contract is timely because it is governed by Code of Civil Procedure section 337, subdivision (a), the four-year statute of limitations applicable to "[a]n action upon any contract, obligation or liability founded upon an instrument in writing . . . ."

Where the material facts are certain or undisputed, the existence of a contract is a question of law that we review de novo. (*Robinson & Wilson, Inc. v. Stone* (1973) 35 Cal.App.3d 396, 407; *Bustamante v. Intuit, Inc.* (2006) 141 Cal.App.4th 199, 208.) "Under California law, a contract will be enforced if it is sufficiently definite (and this is a question of law) for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." (*Ersa Grae Corp. v. Fluor Corp.* (1991) 1 Cal.App.4th 613, 623.) The essential terms of the agreements between Sunrise and Manoucher—the amount loaned and the date repayment was due—are set out in the April and May notes and are not in dispute. The identity of the borrower is clear: Manoucher signed the April and May notes, and the checks disbursing the loan proceeds are payable solely to Manoucher and are identified as "loans" on the face of each check.[5] Manoucher admitted the April and May notes were

---

[5] Although the April and May notes are prepared for Kamran to sign on behalf of Lucerne, the trial court found "[n]either

not Lucerne's obligations and the funds were intended for and used by High Desert. The trial court correctly determined that the April and May promissory notes were contracts between Sunrise and Manoucher.

Our disagreement with the trial court is not in the existence of contacts between Manoucher and Sunrise, but rather in the statute of limitations applicable to those contracts. The two-year statute of limitations is applicable to contracts "not founded upon an instrument of writing . . . ." (Code Civ. Proc., § 339, subd. (1).) The four-year statute applies where a writing "contain[s] a contract to do the thing for the nonperformance of which the action is brought." (*Benard v. Walkup* (1969) 272 Cal.App.2d 595, 601.) On the facts presented, the four-year statute is the applicable one because the April and May notes contain the terms of the agreements between Manoucher and Sunrise. Even if Manoucher had only orally agreed to those terms, that would suffice not only to hold him liable on the notes but to apply the four-year statute. "The contract may be 'in writing' for purposes of the statute of limitations even though it was accepted orally or by an act other than signing. [Citations.] [¶] . . . [¶] The four-year statute of limitations . . . does not require that the writing be signed by the party to be charged." (*Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528, 532–533; *Pietrobon v. Libarle* (2006) 137 Cal.App.4th 992, 998 [same].) It

Ely[aszadeh] nor [Manoucher] thought [Manoucher] was acting as an agent for Lucerne when he sought either loan." Sunrise is not attempting to hold Lucerne liable on these notes, so we need not address Manoucher's authority to sign on Lucerne's behalf. We are only concerned with whether the April and May notes are contracts between Sunrise and Manoucher and, if so, what statute of limitations applies.

is also sufficient that the checks disbursing the loan proceeds identify Manoucher as the borrower and state that they are for a loan. Venerable precedent establishes that a loan implies an agreement to repay (*O'Brien v. King* (1917) 174 Cal. 769, 772), and "[a]n action is on a written contract, even though it is based on a promise implied from the writing." (*Amen,* at p. 532; *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 662 ["The promise which the law implies as an element of the contract is as much a part of the instrument as if it were written out"].) Of course, we are not limited to oral or implied acceptance because Manoucher signed the April and May notes. We conclude the April and May notes are contracts between Sunrise and Manoucher "founded upon an instrument in writing," and the trial court erred by deeming the cause of action untimely.

### C. Sunrise's Common Counts are Untimely

Sunrise's second cause of action for money had and received, and its fifth cause of action for unjust enrichment against High Desert, regardless of the court's failure to address this count below, as discussed *ante*, are both time-barred.[6] "[A]n action for money had and received must be commenced within two years after the money is received" (*Fall v. Lincoln Mortg. Co.* (1931) 115 Cal.App. 651, 654), and the unjust enrichment claim "is governed by the three-year statute of limitations for actions based on fraud or mistake." (*Federal Deposit Ins. Co. v. Dintino* (2008) 167 Cal.App.4th 333, 348.) Both causes of action accrued no later than July 8, 2013, the date on which the April and May

---

[6]     Sunrise concedes in its opening brief that the three-year statute of limitations (Code Civ. Proc., § 338, subd. (d)) applies to its unjust enrichment cause of action.

9

2013 notes became due.  Because Sunrise delayed filing this action until July 5, 2017, its second and fifth causes of action are time-barred.

Sunrise argues that its causes of action accrued later than July 8, 2013.  First, it argues that Manoucher's oral assurances he would pay the sums owed on the April and May notes extended Sunrise's time to sue on those notes.  While it is true that, under some circumstances, a defendant may be estopped to assert the statute of limitations when its conduct caused the plaintiff to delay filing suit, our cases recognize that tolling of the statute is a question of fact.  (*Transport Ins. Co. v. TIG Ins. Co.* (2012) 202 Cal.App.4th 984, 1012.)  We review the trial court's factual findings under the substantial evidence standard, resolving all conflicts in evidence and indulging all reasonable inferences in favor of the trial court's judgment. (*Rand v. Board of Psychology* (2012) 206 Cal.App.4th 565, 574–575.)

The statement of decision does not directly address whether Manoucher's representations of his intention to pay caused Sunrise to delay filing suit; the court impliedly rejected Sunrise's assertion.  When an appellant challenges findings of fact, "the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support" the trial court's finding.  (*Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429.)  It was incumbent on Sunrise to set out the evidence in the record on this point and to show that the trial court's implied finding is not supported by substantial evidence.  Other than argue the point, however, Sunrise points to no specific evidence in the record.  Accordingly, we deem this argument waived.  (See,

10

e.g., *Clawson v. Board of Registered Nursing* (2021) 72 Cal.App.5th 996, 1007 & fn. 9.)

Sunrise next argues the statutes of limitations period applicable to its second and fifth causes of action are tolled by what it describes as "fraudulent concealment" by defendants of the existence of causes of action. Nothing in the record supports this contention. "[I]t is the discovery of facts, not their legal significance, that starts the statute." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1113.) The statute began to run " 'when the plaintiff has notice or information of circumstances to put a reasonable person *on inquiry*, or *has the opportunity to obtain knowledge* from sources open to his investigation . . . . [Citation.]' " (*Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 101.) As of July 8, 2013, when Manoucher defaulted on the promissory notes at issue, Sunrise was aware of facts that would put a reasonable litigant on notice of its causes of action. There was no "fraudulent concealment" of the existence of these causes of action.

Sunrise also argues defendants fraudulently concealed the identity of the party liable on these claims, pointing to the representation and warranty in the April and May notes that Manoucher was authorized to sign as Lucerne's agent. This, too, is unavailing. In the first place, nothing in the record supports an assertion that Sunrise, at any time, was ignorant of the identity of either Manoucher or High Desert, the only defendants named in the second and fifth causes of action. Again, the loan proceeds were disbursed directly to Manoucher, not to Lucerne, in checks payable to him. Second, the statute of limitations is not tolled by the plaintiff's ignorance of the defendant's identity "because the identity of the defendant is not an element of a

11

cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807.) "It follows that failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 399.)

### D. We Defer to the Trial Court's Findings on Sunrise's Fraud Claim

Plaintiff's fourth cause of action is for fraud in the inducement—that is, that Manoucher procured Sunrise's agreement to the April and May notes by falsely asserting he was expecting a substantial tax refund from which he would be able to repay the loans. Although Sunrise's fraud claim is subject to the same statute of limitations as the unjust enrichment claim, and appears to be time-barred for the same reasons, the trial court instead rejected the cause of action on the merits. Specifically, the court found Sunrise "did not prove that [Manoucher] did not believe, when he made [the] representation, that he was not expecting a large tax return or that Sunrise was justified in relying on the representation that [Manoucher] would receive a large tax refund." This finding is fatal to Sunrise's fraud claim, because scienter—that is, the speaker's knowledge he is making a false statement—is an element of the cause of action. (*Engalla v. Permanante Medical Group, Inc.* (1997) 15 Cal.4th 951, 974; *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807, 1816.)

"[T]he truth of a statement as to a person's intention depends on his intention at the time that the statement is made." (*Edmunds v. Valley Circle Estates* (1993) 16 Cal.App.4th 1290, 1300.) The trial court believed Manoucher was speaking in good faith when he represented he expected a tax refund in an amount

sufficient to repay the April and May notes. We do not revisit the trial court's credibility findings. "[I]n a bench trial, the trial court is the 'sole judge' of witness credibility. [Citation.] . . . The fact finder's determination of the veracity of a witness is final. [Citation.]" (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.)

## DISPOSITION

The judgment dismissing Sunrise's first cause of action for breach of contract is reversed and the action remanded to the trial court for further proceedings consistent with this opinion. In all other respects the judgment is affirmed. The parties will bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

BERSHON, J.*

We concur:

EGERTON, Acting P. J.

ADAMS, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.